DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
MINNIE LOO, Trial Attorney (106613)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3408
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | No.   10-32800 |
| **ARLENE CABEZA GASPAR,** | Chapter 13 |
| | (NO HEARING REQUIRED) |
| Debtor. | |

**UNITED STATES TRUSTEE'S EX PARTE
MOTION TO REOPEN CHAPTER 13 CASE**

**I.   MOTION:**

August B. Landis, the Acting United States Trustee for this Region ("U.S. Trustee"), by his undersigned counsel, hereby moves the Court pursuant to 11 U.S.C. § 350(b) for an ex parte order to reopen the above referenced bankruptcy case. The motion is based on the following:

**II.   STATEMENT OF FACTS:**

1.   On 26 July 2010, Arlene Cabeza Gaspar ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. David Burchard was thereafter appointed the chapter 13 trustee in Debtor's case. The case was dismissed on 11 August 2010 without confirmation of a chapter 13 plan. The case was closed on 26 October 2010  *See,* PACER.

2.   The U. S. Trustee is investigating the transaction between Debtor and attorney Deborah Pimentel who assisted the Debtor with services in connection with and/or in contemplating of bankruptcy. The U.S. Trustee intends to examine the Debtor under oath in an examination under Rule 2004.  *See,* Declaration of Minnie Loo.

UST'S MOTION TO REOPEN CASE AND MEMORANDUM OF POINTS AND AUTHORITIES   - 1 -

3. Based upon the foregoing, the U.S. Trustee submits that there is cause to reopen this case. Upon reopening, the U.S. Trustee intends to file a motion for Rule 2004 examination.

4. The U.S. Trustee is not aware of any basis for the appointment of a trustee upon reopening of this case.

5. In further support of this motion, the U.S. Trustee requests that the Court take judicial notice of all documents filed in the case pursuant to Rule 201 of the Federal Rules of Evidence.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Section 350(b) of the Bankruptcy Code permits a case to be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A case may be reopened on motion of a party in interest and, if the court finds it necessary, a trustee should be appointed. *See* Fed.R.Bankr.P. 5010. A motion to reopen is properly brought on an *ex parte* basis. *See Abbott v. Daff (In re Abbott)*, 183 B.R. 198, 200 (9th Cir. B.A.P. 1995) ("A motion to reopen a bankruptcy case is simply a mechanical device which can be brought ex parte and without notice.").

Given the limited nature of the relief requested by this motion, the U.S. Trustee requests relief from the requirement of B.L.R. 9013-1 that a separate memorandum of points and authorities be filed.

## III. PRAYER FOR RELIEF

WHEREFORE, the U.S. Trustee respectfully requests entry of an order (i) reopening Debtor's case; and (ii) granting such further relief as the Court deems appropriate.

Dated: 30 December 2010

Respectfully submitted,

August B. Landis,
Acting United States Trustee

By: Minnie Loo
Minnie Loo, Attorney for U.S. Trustee

UST'S MOTION TO REOPEN CASE AND MEMORANDUM OF POINTS AND AUTHORITIES - 2 -